# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually, and as the representatives of a class of similarly-situated persons, ) ) ) | Civil Action No.: 1:16-cv-301 |
| ) | Judge: |
| Plaintiffs, ) ) | |
| v. ) ) | **CLASS ACTION COMPLAINT** |
| IPC, INC d/b/a PLATINUMCODE., and JOHN DOES 1-10, ) ) ) | |
| Defendants. ) | |

Plaintiff Physicians Healthsource, Inc. ("Physicians Healthsource" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Physicians Healthsource or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against IPC, Inc. d/b/a PlatinumCode ("IPC") and John Does 1-10:

## PRELIMINARY STATEMENT

1. The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227. Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine. The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

2. IPC sent an unsolicited advertisement to Physicians Healthsource on May 26, 2015 ("the 5/26/15 Fax Ad"). A copy of the 5/26/15 Fax Ad is attached hereto as Exhibit A. The 5/26/15 Fax Ad promotes the commercial availability and/or quality of IPC's goods or services.

3. The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself.  A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

4. Based on information, belief, and the appearance of the 5/26/15 Fax Ad itself, IPC also sent the 5/26/15 Fax Ad to numerous other persons via their respective faxnumbers/fax machines.  IPC will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

5. The claims of Physicians Healthsource and the other recipients of the 5/26/15 Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks the following relief expressly authorized by the JFPA: (i) an injunction prohibiting IPC (and its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with IPC) from sending more advertisements to Physicians Healthsource via facsimile; (ii) statutory damages, and (iii) treble damages.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

7. This Court has personal jurisdiction over IPC because IPC transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

8. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9. Physicians Healthsource is an Ohio corporation, and it operates a chiropractic clinic located at 3328 Westbourne Drive in Cincinnati, Ohio 45248.

10. IPC is a Minnesota corporation, and its principal place of business is located at 8095 215th St. West in Lakeville, MN 55044.

11. IPC sells healthcare labels, bandages, tourniquets, nitrile gloves, and other medical supplies under the tradename "PlatinumCode."

12. John Does 1-10 assisted IPC in its facsimile advertising activities by providing a list of fax numbers, transmitting the 5/26/15 Fax Ad, providing advice or assistance on the content of the 5/26/15 Fax Ad, *etc.* The identity of the John Doe defendants is not presently known but will be identified through discovery.

## FACTS

13. IPC sent material to Physicians Healthsource via its office facsimile machine that promoted the commercial availability or quality of IPC's goods or services on May 26, 2015.

14. IPC did not seek or obtain permission from Physicians Healthsource to send ads to Physicians Healthsource's facsimile machine prior to doing so.

15. Although the 5/26/15 Fax Ad contained an opt-out notice, it did not comply with the requirements of the JFPA.

16. Based on information, belief, and the appearance of the 5/26/15 Fax Ad itself, IPC sent the 5/26/15 Fax Ad to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

17. In accordance with Fed. R. Civ. Pro 23, Physicians Healthsource brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the 5/26/15 Fax Ad or similar material (3) via facsimile (4) by or on behalf of IPC." This class of persons constitutes the putative class members. Physicians Healthsource may amend the class definition after discovery identifies potential class members, additional facsimile advertisements, and/or the contours of the class.

18. <u>Numerosity</u>: Advertisements, including those transmitted via facsimile, are typically broadcast to hundreds if not thousands of persons. Based on information, belief, and its general appearance, the 5/26/15 Fax Ad was sent to over forty persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

19. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a) Whether the 5/26/15 Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;

    (b) Whether the opt-out notice on the 5/26/15 Fax Ad complies with the requirements of the JFPA;

    (c) Whether IPC violated the JFPA and the regulations promulgated thereunder with regard to the 5/26/15 Fax Ad; and

    (d) Whether IPC sent the 5/26/15 Fax Ad intentionally, knowingly, or willfully.

20. <u>Typicality:</u> Physicians Healthsource claim is typical of the claims of the putative class members. Physicians Healthsource is asserting the same claim under the same federal statute as the other members of the putative class. Physicians Healthsource is also seeking the same relief for itself and the other members of the putative class.

21. <u>Adequacy</u>: Physicians Healthsource will fairly and adequately represent the interests of the putative class members. Physicians Healthsource has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

22. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

   (a) Physicians Healthsource's claim depends on the same factual and legal issues as that of the putative class members;

   (b) the evidence supporting IPC's likely defenses will come solely from IPC's own records and will not require any information or inquiries from individual class members;

   (c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

   (d) the identity of the putative class members can be readily ascertained from IPC or its agents' computer records, phone records, or other business records.

23. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

   (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

   (b) the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

   (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

   (d) the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an

5

individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

24. Under the JFPA, it is "unlawful for any person to . . . use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1)(C).

25. Under the JFPA, "the term "unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. IPC sent the 5/26/15 Fax Ad to the facsimile machines of Physicians Healthsource and numerous other persons.

27. The 5/26/15 Fax Ad promotes the commercial availability and/or quality of the goods and/or services of IPC.

28. IPC did not obtain prior express invitation or permission from Physicians Healthsource before sending the 5/26/15 Fax Ad to Physicians Healthsource's fax machine.

29. Based on information and belief, IPC has sent other unsolicited advertisements to Physicians Healthsource and other persons via facsimile in violation of the JFPA.

30. IPC's conduct has caused Physicians Healthsource and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Physicians Healthsource, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant IPC, Inc. d/b/a PlatinumCode and John Does 1-10 as follows:

(1) that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Physicians Healthsource as the representative of the class, and appoint Physicians Healthsource's counsel as counsel for the class;

(2) that the Court award actual or statutory damages to Physicians Healthsource and the other class members for each violation of the JFPA by IPC;

(3) that the Court enjoin IPC from additional violations of the JFPA; and

(4) that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC.,
individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio  45202
(513) 241-4722
(513) 241-8775 (fax)
Email:  gjonson@mrjlaw.com
            mstubbs@mrjlaw.com

*Counsel for Physicians Healthsource, Inc.*