**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)**

PHYSICIANS HEALTHSOURCE, INC.,

      Plaintiff,

  v.

IPC, INC., d/b/a PLATINUMCODE,

      Defendant.

Civil Action No.: 1:16-cv-00301 MRB

**DECLARATION OF
ANNE T. REGAN
REGARDING CAFA NOTICE OF
PROPOSED SETTLEMENT**

I, Anne T. Regan, state and declare as follows:

1. I am a partner at the law firm of Hellmuth & Johnson and am one of the attorneys for Defendant IPC, Inc. in this matter. I am providing this Declaration on personal knowledge.

2. I submit this Declaration detailing Defendant's compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 17111, et seq. ("CAFA"), in particular 28 U.S.C. § 1715.

3. On June 27, 2019, my law firm sent by First Class, U.S. Mail the CAFA Notice of Proposed Settlement and its attachments, which included the Class Action Complaint, its attachments, the Order Granting Certification of Class and Preliminary Approval of Class Settlement Agreement, and the list of putative class members. As

**EXHIBIT A**

required by 28 U.S.C. § 1715(b), the CAFA Notice provided the definition of the Settlement Class.

4. Attached hereto as **Exhibit 1** is a true and correct copy of a sample letter CAFA Notice of Proposed Settlement. A substantially similar letter was sent to the Attorneys General for all United States and United States Territories in which "some or all of the matters alleged in the class action are subject to regulation." 28 U.S.C. § 1715(a)(2).[1] Upon request, Defendant will make available for the Court's review all sent CAFA Notices.

5. On July 8, 2019, I received a telephone call from the Office of the Attorney General for the State of New York acknowledging receipt of the CAFA Notice and inquiring as to the number of settlement class members within the State of New York. I answered their inquiry.

6. On July 8, 2019 we received a package originally addressed to the Office of the Attorney General for the Territory of Puerto Rico with a "Return to Sender" label affixed to same package. After determining the new mailing address of the Attorney General of Puerto Rico, on July 9, 2019 we re-sent the same package with the correct address affixed to the label. Attached hereto as **Exhibit 2** is a true and correct copy of the envelope returned on July 8, 2019, as well as a true and correct copy of the letter to the Attorney General of Puerto Rico re-sent on July 9, 2019 with the corrected address.

---

[1] Specifically, notices were sent to the Attorneys General (or designated CAFA Coordinators) for Alabama, Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Hampshire, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Vermont, Washington, Wisconsin, West Virginia, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands.

7. On July 18, 2019 we received a package addressed to the Office of the Attorney General for the State of Arizona with a "Return to Sender" label affixed to same package. After determining the new mailing address of the Attorney General of the State of Arizona, on July 19, 2019 we re-sent the same package with the corrected address affixed to the label. Attached hereto as **Exhibit 3** is a true and correct copy of the envelope returned on July 18, 2019, as well as a true and correct copy of the letter to the Attorney General of the State of Arizona re-sent on July 19, 2019 with the corrected address.

8. Other than the communications described in this Declaration, Hellmuth & Johnson has not received any communications from the recipients of the CAFA Notice.

9. To the best of my knowledge, Defendants have fully complied with CAFA and have satisfied all their obligations thereunder.

I, Anne T. Regan, declare under penalty of perjury that the foregoing is true and correct.

Dated: October 10, 2019                               s/Anne T. Regan

# EXHIBIT 1



WRITER'S DIRECT DIAL NO.: (952) 460-9285
E-MAIL: AREGAN@HJLAWFIRM.COM

June 27, 2019

Dear Attorney General

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant IPC, Inc., d/b/a Platinum Code ("IPC"), through undersigned counsel, writes to give notice of a proposed settlement in the above-referenced matter.

On June 14, 2019, Plaintiff's Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Settlement Agreement ("Motion for Preliminary Approval") and exhibits.

The Settlement Agreement contemplates that the Court will certify a class, for settlement purposes only, defined as: All persons or entities who successfully received the IPC Fax.

Enclosed with this letter are the following materials: (i) the Class Action Complaint; (ii) the Unopposed Motion for Preliminary Approval, and all supporting exhibits, including the Settlement Agreement; the proposed Order Preliminarily Approving the Settlement; and the proposed notice to class members; and (iii) the Order Preliminarily Approving the Settlement and setting a Final Approval Hearing date for **November 15, 2019**. Also included is a list of the class members located in each state.

Under the terms of the Settlement Agreement, Defendant IPC agrees to make available a fund of up to $625,000 (the "Settlement Fund") to pay claims of the Settlement Class members; incentive payments to the Class Representatives; attorney's fees to Class Counsel; and reasonable expenses. Expenses shall include, but not be limited to, ordinary litigation costs, travel expenses, claims administrations fees, *etc*. After paying the claims of all class members, attorney fees, expenses, and incentive awards, any remaining funds in the Settlement Fund shall be retained by the Defendant. In addition, within fourteen days after final approval of the settlement, Defendant agrees to send a $100 coupon to all Settlement Class Members who did not opt out of the Settlement, which may be redeemed toward the purchase of cohesive bandages. Redemption must occur within 180 days of final approval of the settlement.

25584.0002 – 4082429_1

8050 West 78th Street, Edina, MN 55439 • T 952-941-4005   F 952-941-2337   www.hjlawfirm.com

Page 2
June 27, 2019

The Settlement Agreement also provides for: (1) the incentive award of up to $7,500.00 for the Class Representative, to be awarded in the Court's sole discretion, (2) for attorney's fees of up to $156,250, which represents one quarter of the Settlement Fund, also to be awarded at the Court's discretion, and (3) reasonable expenses.

The final approval hearing is scheduled for November 15, 2019.

There are no other agreements between class counsel and counsel for Defendants, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Very truly yours,

HELLMUTH & JOHNSON, PLLC

*[signature]*

Anne T. Regan
Attorney at Law

ATR/feg

Enc.

# EXHIBIT 2







**First Class Mail**

**HELLMUTH & JOHNSON**

8050 West 78th Street
Edina, MN 55439

-R-T-S-  00907-RFS-1N  *91 07/02/19

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD
RETURN TO SENDER

R F S

RECEIVED
JUL 0 8 2019
HELLMUTH & JOHNSON PLLC












**HELLMUTH JOHNSON**
CELEBRATING TWENTY-FIVE YEARS

WRITER'S DIRECT DIAL NO.: (952) 460-9285
E-MAIL: AREGAN@HJLAWFIRM.COM

July 9, 2019

The Honorable Wanda Vazquez Garced
Office of the Attorney General
PO Box 9020192
San Juan, PR 00902-0192

Dear Attorney General Vazquez Garced:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant IPC, Inc., d/b/a Platinum Code ("IPC"), through undersigned counsel, writes to give notice of a proposed settlement in the above-referenced matter. Our office attempted to mail this notice previously to an address that was apparently outdated.

On June 14, 2019, Plaintiff's Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Settlement Agreement ("Motion for Preliminary Approval") and exhibits.

The Settlement Agreement contemplates that the Court will certify a class, for settlement purposes only, defined as: All persons or entities who successfully received the IPC Fax.

Enclosed with this letter are the following materials: (i) the Class Action Complaint; (ii) the Unopposed Motion for Preliminary Approval, and all supporting exhibits, including the Settlement Agreement; the proposed Order Preliminarily Approving the Settlement; and the proposed notice to class members; and (iii) the Order Preliminarily Approving the Settlement and setting a Final Approval Hearing date for **November 15, 2019**. Also included is a list of the class members located in each state.

Under the terms of the Settlement Agreement, Defendant IPC agrees to make available a fund of up to $625,000 (the "Settlement Fund") to pay claims of the Settlement Class members; incentive payments to the Class Representatives; attorney's fees to Class Counsel; and reasonable expenses. Expenses shall include, but not be limited to, ordinary litigation costs, travel expenses, claims administrations fees, *etc.* After paying the claims of all class members, attorney fees, expenses, and incentive awards, any remaining funds in the Settlement Fund shall be retained by the Defendant. In addition, within fourteen days after final approval of the settlement, Defendant agrees to send a $100 coupon to all Settlement Class Members who did

25584.0002 -- 4082429_1

8050 West 78th Street, Edina, MN 55439 • T 952-941-4005  F 952-941-2337  www.hjlawfirm.com

Page 2
July 9, 2019

not opt out of the Settlement, which may be redeemed toward the purchase of cohesive bandages. Redemption must occur within 180 days of final approval of the settlement.

The Settlement Agreement also provides for: (1) the incentive award of up to $7,500.00 for the Class Representative, to be awarded in the Court's sole discretion, (2) for attorney's fees of up to $156,250, which represents one quarter of the Settlement Fund, also to be awarded at the Court's discretion, and (3) reasonable expenses.

The final approval hearing is scheduled for November 15, 2019.

There are no other agreements between class counsel and counsel for Defendants, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Very truly yours,

HELLMUTH & JOHNSON, PLLC

Anne T. Regan
Attorney at Law

ATR/feg

Enc.

# EXHIBIT 3





**First Class Mail**

RECEIVED JUL 18 2019 HELLMUTH & JOHNSON, PLLC



# HELLMUTH & JOHNSON

8050 West 78th Street
Edina, MN 55439

The Honorable Mark Brnovich
Attorney General for Arizona

```
OFFI275  850072023-1318 *91 07/15/19
FORWARD TIME EXP   RTN TO SEND
STATE OF THE ARIZONA ATTORNEY GENERA
2005 N CENTRAL AVE
PHOENIX AZ 85004-1592

          RETURN TO SENDER
```





**HELLMUTH & JOHNSON**
CELEBRATING TWENTY-FIVE YEARS

WRITER'S DIRECT DIAL NO.: (952) 460-9285
E-MAIL: AREGAN@HJLAWFIRM.COM

July 19, 2019

The Honorable Mark Brnovich
Office of the Attorney General
State of Arizona
2005 N. Central Avenue
Phoenix AZ 85004-1592

Dear Attorney General Brnovich:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant IPC, Inc., d/b/a Platinum Code ("IPC"), through undersigned counsel, writes to give notice of a proposed settlement in the above-referenced matter. Our office attempted to mail this notice previously to an address that was apparently outdated.

On June 14, 2019, Plaintiff's Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Settlement Agreement ("Motion for Preliminary Approval") and exhibits.

The Settlement Agreement contemplates that the Court will certify a class, for settlement purposes only, defined as: All persons or entities who successfully received the IPC Fax.

Enclosed with this letter are the following materials: (i) the Class Action Complaint; (ii) the Unopposed Motion for Preliminary Approval, and all supporting exhibits, including the Settlement Agreement; the proposed Order Preliminarily Approving the Settlement; and the proposed notice to class members; and (iii) the Order Preliminarily Approving the Settlement and setting a Final Approval Hearing date for **November 15, 2019**. Also included is a list of the class members located in each state.

Under the terms of the Settlement Agreement, Defendant IPC agrees to make available a fund of up to $625,000 (the "Settlement Fund") to pay claims of the Settlement Class members; incentive payments to the Class Representatives; attorney's fees to Class Counsel; and reasonable expenses. Expenses shall include, but not be limited to, ordinary litigation costs, travel expenses, claims administrations fees, *etc*. After paying the claims of all class members, attorney fees, expenses, and incentive awards, any remaining funds in the Settlement Fund shall be retained by the Defendant. In addition, within fourteen days after final approval of the settlement, Defendant agrees to send a $100 coupon to all Settlement Class Members who did

Page 2
July 19, 2019

not opt out of the Settlement, which may be redeemed toward the purchase of cohesive bandages. Redemption must occur within 180 days of final approval of the settlement.

The Settlement Agreement also provides for: (1) the incentive award of up to $7,500.00 for the Class Representative, to be awarded in the Court's sole discretion, (2) for attorney's fees of up to $156,250, which represents one quarter of the Settlement Fund, also to be awarded at the Court's discretion, and (3) reasonable expenses.

The final approval hearing is scheduled for November 15, 2019.

There are no other agreements between class counsel and counsel for Defendants, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Very truly yours,

HELLMUTH & JOHNSON, PLLC

Anne T. Regan
Attorney at Law

ATR/feg

Enc.