# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually, and as the representatives of a class of similarly-situated persons,<br><br>    Physicians Healthsource,<br><br>v.<br><br>IPC, INC d/b/a PLATINUMCODE., and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No.: 1:16-cv-00301-MRB<br><br>Judge: Michael R. Barrett<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT** |

Upon consideration of Plaintiff's Motion for Final Approval of Class Settlement Agreement and Motion for Award of Attorney Fees, this Court makes the following findings, **GRANTS** the Motions, and **ORDERS** as follows:

1. On June 25, 2019, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff Physicians Healthsource Inc. ("Physicians Healthsource") and Defendant IPC, Inc. d/b/a PlatinumCode ("IPC"). In that Order, the Court preliminarily approved the Class Settlement Agreement and the proposed notice plan to the Class Members.

2. Per the Declaration of Anne Regan, this Court has been informed that CAFA notices – via letters dated June 27, 2019 – were sent to the Attorneys General (or designated CAFA coordinators) for the following states or territories: Alabama, Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Hampshire, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Vermont, Washington, Wisconsin, West Virginia, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands. No recipient of a CAFA notice has raised any objections to the Class Settlement Agreement.

3. Per the Declaration of Dorothy Sue Merryman, the Court has been informed that the Notice of Class Action and Proposed Settlement was sent to all Class Members via facsimile and/or U.S. Mail. As stated by Ms. Merryman, 136 claim forms were submitted by Class Members, virtually all of which were timely and valid.

4. One Class Member opted out of the Class: Sonora Quest Laboratories. No Class Members submitted any objections to the Class Settlement Agreement prior to the fairness hearing on November 15, 2019.

5. The Court conducted a fairness hearing on November 15, 2019 for the purpose of considering the fairness of the Class Settlement Agreement, hearing any objections, and determining whether to grant final approval. *[No Class Members attended, and no objections have been filed, submitted to the attorneys or the class administrator, or received by the Court.]*

6. The Court finds that the Class Settlement Agreement is fair, adequate, and reasonable. The Court also finds that the transmission of the Notice via U.S. mail and facsimile and regular mail was reasonably calculated to apprise the Class Members of their rights, appropriate in the circumstances of this case, and, on the whole, effective. As such, this notice satisfied the requirements of due process and Fed. R. Civ. Pro. 23.

7. The Court finds that the 134 Class Members who submitted timely, valid claims forms are entitled to a cash distribution from the Settlement Fund per the terms of the Class Settlement Agreement.

8. Class-Settlement.com ("the Class Administrator") is authorized and directed to make the following disbursements from the Settlement Fund:

   (a) The Class Administrator shall pay the sum of $7,500 to Plaintiff Physicians Healthsource, Inc. for its service as the class representative. Such payment is to be made by issuance of a check made payable to "Physicians Healthsource, Inc." and delivered to Montgomery Jonson, LLP c/o Matthew Stubbs.

   (b) The Class Administrator shall pay to Class Counsel the sum of $156,250 (representing the Court's award of attorneys' fees) plus $32,935.61 (representing the Court's award of expenses incurred by Class Counsel). Such payments are to be made by issuance of a single check in the amount of $189,185.61 made payable to "Montgomery Jonson, LLP" and delivered to Montgomery Jonson, LLP c/o Matthew Stubbs.

   (c) The Class Administrator shall pay each of the 134 Class Members who submitted timely, valid claims the sum of $100.00 by delivery of a check made payable to each of these Class Members at their

> respective addresses. These checks shall expire no sooner than thirty days after issuance.
>
> (d) Any funds that remain in the Settlement Fund after the above-described distributions and after all checks have expired shall be returned to IPC by delivery of a check made payable to "IPC, Inc." and delivered to Hellmuth & Johnson c/o Anne Regan.

9. IPC shall issue a credit or voucher to each of the Class Members in the amount of $100.00 that may be redeemed toward the purchase of cohesive bandages from IPC within 180 days of the entry of this Order.

10. All claims asserted by Physicians Healthsource herein are hereby dismissed with prejudice. Additionally, all claims of the Class Members, with the exception of the one Class Member who opted out and is listed in Paragraph 4 above, are released pursuant to Paragraph 15 of the Class Settlement Agreement.

11. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Settlement Agreement and of this Order.

Dated: _____      _____
                                                                 The Honorable Michael R. Barrett
                                                                  United States District Judge